IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PENNY J. ROGERS                                                                                            PLAINTIFF

v.                             CIVIL NO. 2:16-cv-2206-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                   DEFENDANT

## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Penny Rogers ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability benefits. (ECF No. 1) This matter is presently before the undersigned for report and recommendation.

The Commissioner filed an answer to Plaintiff's action on November 3, 2016, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (ECF No. 10) On January 26, 2017, having changed positions, the Commissioner filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (ECF No. 14)

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993).

Here, the undersigned finds remand is appropriate to allow the Defendants to conduct further administrative proceedings regarding this matter, and recommends that the Commissioner's motion to remand (ECF No. 14) be granted.

If Plaintiff wishes to request an award of attorney's fees and cost under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable" i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE